1  Lawrence Hoodack, Esq. (SBN 97629)
2  Law Offices Of Lawrence Hoodack
   500 N. State College Blvd., Suite 1200
3  Orange, California 92868
   PH (714) 634-2030 • FAX (714) 685-6719
4  Attorneys for Plaintiff,
5  COSTLESS WHOLESALE, INC. A CALIFORNIA CORPORATION,

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                 FOR THE COUNTY OF ORANGE
9               ×BXXRXX JUSTICE CENTER
                    North   K.T.

10 COSTLESS WHOLESALE, INC.          ) Case No.:
                                     )            Assigned for All Purposes
11  A CALIFORNIA CORPORATION,)                   Judge Craig Griffin
                                     )           30-2023-01313711-CU-BT-NJC
12                                   )
                                     ) COMPLAINT FOR
13                                   )
                                     )
14          Plaintiff,               ) (1)    BREACH OF FIDUCIARY
                                     ) DUTIES
15                                   ) (2)    NEGLIGENCE
                                     ) (3)    FRAUDULENT
16                                   ) CONCEALMENT AND
17 vs.                               ) NONDISCLOSURE
                                     ) (4)    INTENTIONAL
18                                   )        MISREPRESENTATION
                                     ) (5)    NEGLIGENT
19                                   )        MISREPRESENTATION
20 AMAZON.COM SERVICES LLC           ) (6)    BREACH OF RELATIONSHIP
   a Delaware limited liability company) OF TRUST AND CONFIDENCE
21 and DOES 1 through 100 inclusive, ) (7)    VIOLATION OF BUSINESS &
                                     ) PROFESSIONS CODE SECTION
22                                   ) 17200, ET SEQ.
                                     ) (8)    BREACH OF COVENANT OF
23          Defendants.              ) GOOD FAITH AND FAIR DEALING
24                                   ) (9)    BREACH OF CONTRACT
25                                     (10)   DECLARATORY RELIEF

                              Page 1
                             COMPLAINT

(10)   DECLARATORY RELIEF
(11)   ACCOUNTING
(12)   INJUNCTIVE RELIEF

Comes now Plaintiff COSTLESS WHOLESALE, INC. A CALIFORNIA
CORPORATION, (herein after referred to as "COSTLESS" or "Plaintiff") and
alleges as follows:

PARTIES:

1.  On information and belief, Defendant AMAZON.COM SERVICES LLC
("AMAZON" or "Defendant AMAZON"), is a Delaware limited liability company
doing business in the County of Orange, State of California, and particularly in
contracting with Plaintiff and other sellers to sell products through its website in
Orange County.

2.  Plaintiff COSTLESS WHOLESALE, INC. A CALIFORNIA
CORPORATION, ("COSTLESS") is a California Corporation and at all times
relevant has been doing business in Orange County, California.

3.  The true names and capacities, whether individual, corporate, associate,
or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to
Plaintiff, who therefore sues these Defendants by fictitious names.

4.  After Plaintiff determines the true names and capacities of these
Defendants, DOES 1 through 100, inclusive, Plaintiff will seek leave of court to
amend this Complaint.

5.  Defendants AMAZON and DOES 1 through 100, inclusive, shall
hereinafter be referred to collectively as "defendants" or "Defendants."

## FACTUAL BACKGROUND:

6.  On information and belief, on or about January 1, 2018, Plaintiff entered
into the agreement written by, set in all of its terms, and not subject to negotiation,

COMPLAINT

required by Defendants to sell his products through the website operated by AMAZON. On information and belief, in consideration for those services, in exchange for allowing Plaintiff to sell products on AMAZON's website, on or about January 1, 2018, Defendants AMAZON and DOES 1 through 100, inclusive, promised in writing to comply with the terms that they required using their enormous market share and marketing power that Plaintiff obey to sell such products in exchange for a portion of the proceeds of such sales through the website operated by AMAZON pursuant to the agreement entered into by Plaintiff and Defendants. Attached hereto as Exhibit "A" is a true and correct copy of this "AMAZON Agreement" which is the January 1, 2018, AMAZON, distributor agreement between Plaintiff and Defendants.

7. Pursuant to that AMAZON Agreement, AMAZON agreed to collect the proceeds of sales and provide Plaintiff with his share after subtracting the shipping costs and Amazon's share of the proceeds of such sales. Defendants did not disclose to Plaintiff that the AMAZON Agreement was drafted to enable Defendants to force Plaintiff to forfeit his goods and his share of the sales proceeds of such goods through the AMAZON website. The terms of said AMAZON Agreement were offered to Plaintiff (and other sellers) on a "take it or leave it" position and were carefully drafted by Defendants to disregard their obligation to give Plaintiff the benefit for which he had contracted with AMAZON, circumvent fundamental California laws and rights and so enable AMAZON to compel Plaintiff to forfeit not just his portion from AMAZON's sale of his goods but even the value of his goods, which he was induced by AMAZON to purchase and deliver to AMAZON.

8. On information and belief, AMAZON drafted its agreement as part of its scheme with the other defendants to defraud and deceive its sellers (including Plaintiff) to sell their goods through it while it was enabled by that AMAZON

COMPLAINT

Agreement to force them to forfeit their sellers' portion of the proceeds of such sales based on claims as to the sellers even though such claims were not meritorious, were not adjudged to be true by any judicial procedure, and did not pertain to the particular items which were sold through AMAZON, which were thereafter not paid to such sellers by AMAZON. On information and belief, Defendants, through AMAZON, even induced Plaintiff to give AMAZON their goods, after the Investigation of Plaintiff by The CALIFORNIA HIGHWAY PATROL (hereinafter "Investigation) had allegedly already been started and after AMAZON had decided to keep the full proceeds from the sales of Plaintiff's goods (including those sold after the Investigation started) by false pretenses and fraud in disregard of their representations in the AMAZON Agreement by representations that they made after that Investigation was already started. On information and belief, because of the illegal purpose of Defendants in so drafting their AMAZON Agreement to circumvent basic, California protections, such agreement was not enforceable by Defendants due to its unconscionability or void because it was against public policy.

9.  On information and belief, AMAZON proceeded to sell the Plaintiff's products on its website and received and distributed the customer's payments including the share owed to Plaintiff until October 28,2020 at which time AMAZON alleged that Plaintiff was being investigated by The CALIFORNIA HIGHWAY PATROL and ceased paying the Plaintiff's promised portion of such sales to Plaintiff citing alleged communications that it received from The CALIFORNIA HIGHWAY PATROL.

10.    On information and belief, to induce Plaintiff to continue selling Plaintiff's merchandise through AMAZON, even after AMAZON had ceased paying Plaintiff's share of such sales, on or about October 28, 2020, AMAZON told Plaintiff to keep selling Plaintiff's products through AMAZON's website

COMPLAINT

despite the CALIFORNIA HIGHWAY PATROL's alleged Investigation and that Plaintiff would be paid soon thereafter.

11.      Defendants, including defendant AMAZON, did not disclose to Plaintiff that AMAZON had a business practice and policy that it would not pay to Plaintiff the agreed portion owed to Plaintiff of the sales of Plaintiff's products if any investigation had been commenced against Plaintiff by The CALIFORNIA HIGHWAY PATROL, even if such an investigation was utterly frivolous, and unfounded, pertained to other goods not those delivered by Plaintiff to AMAZON or sold by AMAZON for Plaintiff, and even though Plaintiff had not actually engaged in any illegal behavior or misconduct and had not been judicially determined or adjudged in any legal proceeding to be selling illegal or stolen goods or any goods which did not belong to Plaintiff.

12.      On information and belief, Defendants did not then or ever disclose to Plaintiff that AMAZON had a policy that Plaintiff's portion of the proceeds from his sale of his products through AMAZON's website would be taken by AMAZON for itself with no accounting being given to Plaintiff and would forfeit if AMAZON could claim that AMAZON's website had been used by Plaintiff to sell stolen or illegal products, even if such claims were untrue.

13.      On information and belief, attached hereto collectively as Exhibit "B" are true and correct copies of the AMAZON policies, which effectively created a unilateral, forfeiture clause, so that Plaintiff could be deprived of his portion of the sums which were his share of the sales of his products through AMAZON, whenever AMAZON could claim that he had subjected AMAZON to potential liability (which documents, together with Exhibit "A," are referenced collectively herein as the "AMAZON Documents") that Plaintiff received from Defendants on or about January 1, 2018, through December 18, 2020AMAZON's website.

COMPLAINT

14.     On information and belief, if Plaintiff had known that AMAZON would later claim that Plaintiff would forfeit all of his share of the profits of sales, amounting to over two hundred thousand dollars, if any unfounded claims were made against Plaintiff by The CALIFORNIA HIGHWAY PATROL as to OTHER goods, not even those which Plaintiff had sold through Amazon, Plaintiff would not have delivered his goods to, or sold his goods through, AMAZON.

15.     On information and belief, through defendant AMAZON, Defendants falsely represented to Plaintiff, and thereby to Plaintiff that they would pay the full portion  of the sales proceeds from AMAZON's sale of his goods in its website agreed to be paid to Plaintiff to Plaintiff, when they had no intent to pay such proceeds and had a business practice and procedure to use any alleged claims against any AMAZON sellers, including Plaintiff, to deny payment of the sellers' portion of the sales proceeds through AMAZON if any claims were made by The CALIFORNIA HIGHWAY PATROL as to those sellers, even if those claims did not pertain to those particular goods sold through AMAZON.

16.     On information and belief, Plaintiff relied upon those representations by defendants and believed that defendants, including AMAZON, would pay the full proceeds under the AMAZON agreement but defendants have continually refused to pay Plaintiff's share of the proceeds of the sales of his goods through the AMAZON website.

17.     On information and belief, Defendants did not fully perform as agreed, but only paid Plaintiff  for goods of Plaintiff sold before on or about September 01, 2020 and nothing for goods which Plaintiff sold through the AMAZON website after October 28, 2020, so that Defendants kept Plaintiff's entire portion of the proceeds from the sales of Plaintiff's goods through the AMAZON website.

COMPLAINT

18.     On information and belief, Defendants did not disclose to or inform Plaintiff that AMAZON had a policy and business practice of not telling other AMAZON sellers that AMAZON, and defendants DOES 1 through 100, would use any claims made against such sellers by The CALIFONIA HIGHWAY PATROL, even unfounded claims pertaining to products not sold through AMAZON to deny such sellers payment of their share of the sales proceeds of their goods sold by AMAZON under AMAZON's policies.

19.     On information and belief, Defendants never disclosed to Plaintiff and suppressed the fact that Defendants, AMAZON and DOES 1 through 100, never intended to perform the AMAZON Agreement or to pay the Plaintiff's portion of the proceeds of the sales of Plaintiff's goods through the AMAZON website on the terms represented to Plaintiff and obtained Plaintiff's property by not disclosing that they did not intend to pay the full proceeds under the Agreement owed to Plaintiff because they had the business practice and policy to deny payment if any claims or investigations as to Plaintiff's account or sales through AMAZON's website were commenced, even if Plaintiff was innocent of any wrongdoing, even if the proceeds that AMAZON withheld were for goods as to which no claims of illegality or of their being stolen goods were ever made and even if AMAZON had no valid reason to withhold payment of Plaintiff's share of his sales through the AMAZON website.

20.     On information and belief, Plaintiff was thereby induced by Defendants to rely and did rely upon Defendants' promises in the AMAZON Agreement and so did turnover and sell his products through AMAZON's website, because Plaintiff trusted defendant AMAZON due to its relationship of trust and confidence with Plaintiff.

21.     On information and belief, in this transaction involving the AMAZON Agreement, due to its prior relationship with Plaintiff as his website sales provider

since 2018, defendant AMAZON had a relationship of trust and confidence with Plaintiff, who relied upon it to exercise due care and comply with its duties of utmost loyalty to him due to that relationship, particularly since AMAZON knew that Plaintiff was turning over his merchandise to AMAZON to sell in reliance on the expectation that he would receive his portion from the sales of his merchandise after it was sold through the AMAZON website by AMAZON.

22.     On information and belief, Defendants, through AMAZON, represented to Plaintiff that Plaintiff would be paid his share of the proceeds of his merchandise sales through AMAZON to induce him to turnover his merchandise to AMAZON and did so induce Plaintiff to turn over his merchandise to AMAZON. Hence, through their representations, Defendants did induce Plaintiff to rely on the promises in the AMAZON Agreement and such representations.

23.     Thereby, by those actions, Plaintiff, who had been a long-standing distributor of AMAZON for years was induced and deceived by AMAZON into relying on Defendants' representations by turning over his merchandise to AMAZON even after AMAZON had refused to pay him his portion of the proceeds from the sales through AMAZON of his goods due to the alleged California Highway Patrol investigation of Plaintiff.

24.     On information and belief, for many months, through defendant AMAZON, Defendants intended to cause Plaintiff, and caused Plaintiff to rely upon the aforementioned promises in the AMAZON Agreement that they would eventually pay Plaintiff his share of his merchandise sales through AMAZON, when Defendants did not intend to pay him for such ongoing sales after the alleged Investigation first occurred, so the total amount withheld by AMAZON from Plaintiff's portion of the sales of his goods through the AMAZON website increased significantly for months because of AMAZON's false representations to Plaintiff.

COMPLAINT

25.     On information and belief, at all relevant times since on or about August 1, 2018, and thereafter, after the Investigation was begun and AMAZON told Plaintiff to keep selling his goods through AMAZON, because he would be paid his portion, Defendants intended that Plaintiff rely on the representations made to him by Defendants that Plaintiff would be paid the full promised portion from the sale of his merchandise through AMAZON to Plaintiff by defendant AMAZON under its AMAZON Agreement.

26.     On information and belief, Defendants never informed Plaintiff and suppressed the fact that under the business practices and procedures of AMAZON, Defendants would use any investigation or claims by law enforcement as to Plaintiff or any seller on its website to refuse to pay such Plaintiff or any other such seller his portion of such sales under their Agreement, so that such Plaintiff's or such seller's merchandise would be received by AMAZON but such sellers, including Plaintiff, would not be given their respective, promised portion from the merchandise sales' proceeds of their goods after the said merchandise was sold through AMAZON, despite the terms and promises in the AMAZON Agreement because of said Investigation, even if no prosecution or other legal action was taken by law enforcement authorities against such sellers.

27.     Thus, on information and belief, by their business practice to deceive sellers into relying on their agreements with AMAZON to turn over their merchandise to be sold by AMAZON, sellers like Plaintiff were caused to suffer the loss of their merchandise to AMAZON and of their portion of the sales proceeds provided in the AMAZON Agreement, even though AMAZON did not intend pay Plaintiff (or other sellers) anything for their merchandise sold through AMAZON after the Investigation was allegedly commenced.

28.     On information and belief, Plaintiff did reasonably believe and rely on these representations and failures to disclose by Defendants, because Plaintiff had

no information or source of information as to Defendants' true, undisclosed intentions or business practices or the falsehood of Defendants' promises or the suppression by Defendants of the true facts, that AMAZON did not intend to pay Plaintiff his portion from the sales of his merchandise through the AMAZON website after the Investigation commenced and that it had a business practice to seize their portion from such sales and not to pay its sellers if any investigation or claim against them was made, even if such claims were unsupported by any evidence.

29.     Plaintiff attempted, through his counsel, to resolve this matter, but Defendants and defendant AMAZON have all failed and refused to pay the full proceeds payable from the sales of Plaintiff's merchandise despite Plaintiff's requests. Attached hereto as Exhibit "C" is a true and correct copy of the letter to AMAZON requesting that it pay the promised sums under the AMAZON Agreement to Plaintiff.

## FIRST CAUSE OF ACTION
*(Breach of Fiduciary Duties Against Defendants AMAZON, and DOES 1 through 100.)*

30.     The allegations of paragraphs 1 through 30, inclusive, are incorporated by reference in this Cause of Action.

31.     For purposes of this cause of action, "Defendants" are Defendants AMAZON, and DOES 1 through 100.

32.     On information and belief, Defendants, including AMAZON, were Plaintiff's fiduciaries and agents as to its merchandise and the proceeds thereof, whom Plaintiff believed would protect Plaintiff's interests and pay Plaintiff in full his share of the profits, because they were acting as Plaintiff's fiduciaries and

COMPLAINT

agents in selling Plaintiff's merchandise through their website in exchange for a portion of the sales proceeds.

33.    On information and belief, Defendants' actions, as stated above, constitute a material breach of the AMAZON Agreement and of Defendants' fiduciary duties to Plaintiff.

34.    On information and belief, each named and unnamed Defendant was the agent, employee, joint venturer, or coconspirator of each other named and unnamed Defendant, who, while acting, omitting to act, representing, misrepresenting, concealing, and conspiring, was acting both for his, her, or its benefit and advantage, as well as acting, omitting to act, representing, misrepresenting, concealing, and conspiring, for the benefit of some or all of the other Defendants.

35.    On information and belief, Defendants, in doing the things mentioned in this Complaint, were at all times acting within the course and scope of said employment, agency, joint venture, and conspiracy, with the knowledge, consent, approval, and ratification of each of the other Defendants.

36.    Plaintiff complied with all the terms of the AMAZON Agreement and caused the merchandise required under the AMAZON Agreement to be given by Plaintiff to Defendants as required, to be sold pursuant to the AMAZON Agreement through AMAZON's website but did not receive the agreed portion of the sales proceeds required under the AMAZON Agreement from AMAZON.

37.    On information and belief, despite Defendants, including AMAZON, being Plaintiff fiduciaries, because they were Plaintiff's AMAZON agents in the sale of and handling of Plaintiff's merchandise, Defendants (a) violated, breached, and disregarded the AMAZON Agreement which they entered into with Plaintiff; (b) violated and breached their fiduciary duties to Plaintiff; (c) breached their agreement and promise to pay the agreed portion from the merchandise sales

proceeds upon sale of Plaintiff's goods through the AMAZON website; (d) failed to disclose to Plaintiff that if Plaintiff or the merchandise that he was selling through AMAZON were merely investigated or if any unsupported claims were made against Plaintiff by law enforcement, AMAZON could and would use that Investigation to refuse to pay Plaintiff his portion of the proceeds from the sale of his merchandise; and (e) failed to complete the Defendants' required performance under the AMAZON Agreement by ignoring Plaintiff's requests for explanations or computations or to provide Plaintiff with any accounting of such proceeds or to pay for Plaintiff's resulting damages.

38.    On information and belief, Plaintiff did all or substantially all of the significant things that the AMAZON Agreement required him to do or was excused from having to do them. On information and belief, Plaintiff delivered his merchandise to AMAZON in the expectation and in reliance on the AMAZON Agreement and the promises of defendants that he would be paid his portion of the sales proceeds by AMAZON.

39.    On information and belief, all conditions specified in the contract with AMAZON for Plaintiff's performance, if any, were met, waived, or excused.

40.    Plaintiff was harmed and on information and belief, Defendants' breach of fiduciary duties and their promises in violation of the AMAZON Agreement were both substantial factors in causing Plaintiff's harm.

41.    On information and belief, Plaintiff was harmed and Defendant's breach of contract and the separate breach of their fiduciary duties to Plaintiff by making false promises as pled in the above and incorporated paragraphs were the primary and substantial factors in causing such harm.

42.    On information and belief, each of Defendants planned to breach the AMAZON Agreement and their fiduciary duties to Plaintiff and ratified the actions

of the other named Defendants in this action: including AMAZON, and DOES 1 through 100, inclusive.

43.     On information and belief, Defendants, including Defendants DOES 1 through 100, ratified and approved the scheme of AMAZON, and DOES 1 through 100, inclusive, to obtain funds from Plaintiff by keeping Plaintiff's portion from the proceeds of the sales of his goods as set forth above under the AMAZON Agreement, then to breach the AMAZON Agreement and keep the entire proceeds from the sales of Plaintiff's merchandise through its website, including the portion owed to Plaintiff.

44.     On information and belief, Defendants, including Defendants DOES 1 through 100, agreed with AMAZON, and DOES 1 through 100, inclusive, and intended to breach the AMAZON Agreement ("Conspiracy"). On information and belief, Defendants failed to disclose their plan to breach the AMAZON Agreement because they never intended to pay the full sales proceeds as required in the AMAZON Agreement from the sales of Plaintiff's merchandise via AMAZON's website to Plaintiff.

45.     On information and belief, Defendants, including defendant DOES 1 through 100, aided and abetted in the aforementioned breaches by giving substantial assistance or encouragement to AMAZON, and DOES 1 through 100, inclusive.

46.     On information and belief, Defendants' conduct was a substantial factor in causing harm to Plaintiff. On information and belief, Plaintiff has been damaged in that Plaintiff has been forced to incur costs to seek to recover his portion of the proceeds from AMAZON's sale of Plaintiff's merchandise through its website which were required to be paid to Plaintiff under the AMAZON Agreement, including attorney's fees and costs to recover his damages, lost interest

on the unpaid merchandise proceeds, and expects to incur further incur more such costs as a result of Defendants' conduct.

47.     On information and belief, because Plaintiff was relying on Defendants and AMAZON, AMAZON and Defendants obtained Plaintiff's funds, which were Plaintiff's portion from the sales of his goods, through fraud without intending to actually deliver to Plaintiff his portion of the proceeds from AMAZON's sales of his merchandise as required in the AMAZON Agreement. Plaintiff had to rely on their representations and justifiably believed and relied on the Defendants' false representations.

48.     On information and belief, Plaintiff did not know before the time when Plaintiff caused the delivery of his merchandise to AMAZON, under the AMAZON Agreement to get his portion from the sales of such merchandise when AMAZON later sold it, that defendants AMAZON and DOES 1 through 100, inclusive, did not intend that Plaintiff would receive his portion of such sales proceeds if any law enforcement investigation was even commenced of Plaintiff or of his merchandise sales through AMAZON.

49.     On information and belief, under the AMAZON Agreement, Defendants agreed among themselves to use representations that they knew were false and promises that they never intended to keep to cause Plaintiff to give them Plaintiff's merchandise in reliance on their promises and the AMAZON Agreement.

50.     On information and belief, all Defendants intended to deceive and defraud Plaintiff into turning over his merchandise to AMAZON under the AMAZON Agreement to enable their obtaining not just AMAZON's portion but also Plaintiff's portion of the proceeds from the sale of Plaintiff's merchandise of Plaintiff's funds and thus keeping all of Plaintiff's portion of the sales proceeds

COMPLAINT

from the sale of Plaintiff's merchandise by concealing their true intent not to comply with the AMAZON Agreement.

51. On information and belief, Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, in disregard of the likelihood of injuring Plaintiff, in disregard of their fiduciary relationship with Plaintiff and duties arising from it owed to Plaintiff because their co-conspirator, AMAZON, had a fiduciary relationship with Plaintiff and planned to defraud Plaintiff by failing to disclose their plan and the fact that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not be delivered to Plaintiff as promised in furtherance of the Conspiracy from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

52. On information and belief, Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

53. On information and belief, Plaintiff is entitled to the additional sum of $50,000,000 from Defendants as punitive damages, which is a sum that will be sufficient to deter and punish such conduct by Defendants.

54. On information and belief, as a result of Defendants' unfair business practices and breach of the AMAZON Agreement Plaintiff is also entitled to reasonable attorney's fees and costs of this suit under Cal. Civ. Code § 1717, California Code of Civil Procedure §1021.5, or other applicable statute.

55. On information and belief, as a result of Defendants' unfair business practices and breach of the AMAZON Agreement and fiduciary duties owed to Plaintiff, Plaintiff is also entitled to interest at the legal rate on his portion of his merchandise sales proceeds, through the AMAZON website, that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from December 1, 2021.

COMPLAINT

## <u>SECOND CAUSE OF ACTION</u>

*(Negligence Against Defendants AMAZON and DOES 1 through 100.)*

56.     The allegations of paragraphs 1 through 30, inclusive, are incorporated by reference in this Cause of Action.

57.     For purposes of this cause of action, "Defendants" are Defendants AMAZON and DOES 1 through 100.

58.     On information and belief, Defendants failed to use reasonable care and violated the standard of care in their dealings regarding Plaintiff and Plaintiff's merchandise, the proceeds from the sale of Plaintiff's merchandise and regarding the AMAZON Agreement as enumerated in the incorporated paragraphs.

59.     On information and belief, despite their policy to withhold the sales proceeds from sellers who were investigated by The CALIFORNIA HIGHWAY PATROL, Defendants carelessly and negligently failed to disclose to Plaintiff, that Plaintiff's merchandise or Plaintiff's share of the proceeds of the sales of such merchandise might be forfeited if any law enforcement agency even started a mere investigation of Plaintiff or of his merchandise, or made any claims, even if such an investigation or claims were unfounded and frivolous, then failed to diligently and adequately investigate Plaintiff's merchandise and his sales to verify that he had never violated the law or sold stolen or illegal merchandise, and then failed to comply with their promise to give to Plaintiff his portion of the proceeds from AMAZON's sales of his merchandise to Plaintiff without reasonable cause after Plaintiff had turned over to Defendants his merchandise in reliance on the AMAZON Agreement, the aforementioned representations by AMAZON after the Investigation had started, and on the fiduciary duties owed to him by Defendants through AMAZON.

COMPLAINT

60.     On information and belief, Defendants obtained the merchandise of Plaintiff pursuant to the AMAZON Agreement while failing to disclose to Plaintiff that if any law enforcement investigation were merely commenced, Defendants would use it as an excuse to refuse to pay to Plaintiff his portion of the sales of his merchandise through the AMAZON website as required by the AMAZON Agreement.

61.     By these actions, nondisclosures, and false representations, on information and belief, AMAZON negligently, carelessly, and due to lack of diligence purportedly failed to discover that the law enforcement Investigation was unsupported by evidence and frivolous and that Plaintiff had not violated any law and so negligently and carelessly created an excuse to refuse to pay the full, promised part owing to Plaintiff from the sale of his merchandise through the AMAZON website.

62.     On information and belief, Defendants failed to use the skill and care that reasonable persons would have used in similar circumstances in their dealings regarding the AMAZON Agreement.

63.     On information and belief, Defendants, by the aforementioned actions, also violated their duties of loyalty and of full disclosure due to their relationship of trust and confidence with Plaintiff, which reasonably careful persons would have complied with in similar circumstances in their dealings with Plaintiff under their AMAZON Agreement.

64.     On information and belief, Plaintiff was harmed as a result of Defendants' negligence, and Defendants' negligence was a substantial factor in causing Plaintiff's harm, including suffering the loss of his portion of the sales proceeds of his merchandise through the AMAZON website, forcing Plaintiff to lose interest on said sums and to incur legal fees and costs to recover those proceeds under the AMAZON Agreement.

COMPLAINT

65.     On information and belief, Plaintiff is entitled to reasonable attorney's fees and costs of this suit under *Cal. Civ. Code § 1717*, and other applicable statutes.

66.     On information and belief, Plaintiff is also entitled to interest at the legal rate on his portion of the unpaid proceeds from AMAZON's sale of his merchandise through the AMAZON website that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from December 1, 2021.

## THIRD CAUSE OF ACTION
*(Fraudulent Concealment and Nondisclosure Against Defendants AMAZON and DOES 1 through 100.)*

67.     The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

68.     For purposes of this cause of action, "Defendants" are Defendants AMAZON and DOES 1 through 100.

69.     On information and belief, each named and unnamed Defendant was the agent, employee, joint venturer, or coconspirator of each other named and unnamed Defendant, who, while acting, omitting to act, representing, misrepresenting, concealing, and conspiring, was acting both for his, her, or its benefit and advantage, as well as acting, omitting to act, representing, misrepresenting, concealing, and conspiring, for the benefit of some or all of the other Defendants.

70.     On information and belief, Defendants, in doing the things mentioned in this Complaint, were at all times acting within the course and scope of said employment, agency, joint venture, and conspiracy, with the knowledge, consent, approval, and ratification of each of the other Defendants.

COMPLAINT

71.     On information and belief, through false representations and promises that Defendants did not intend to keep, Defendants, caused Plaintiff to deliver to them Plaintiff's merchandise under the AMAZON Agreement with Defendants without Defendants telling Plaintiff the critical, material fact that if any law enforcement agency even commenced an investigation or made any unsupported claims against Plaintiff then Defendants would not pay Plaintiff his portion of the sales of Plaintiff's merchandise by the AMAZON website as promised such merchandise was sold through AMAZON and instead intended to keep both Plaintiff's merchandise and the Plaintiff's portion from the sales of Plaintiff's merchandise through the AMAZON website that was to have been paid to Plaintiff under the AMAZON Agreement.

72.     On information and belief, Defendants AMAZON, and DOES 1 through 100, inclusive, all entered into a conspiracy and agreement to deceive Plaintiff and cause him to deliver Plaintiff's merchandise to Defendants under the AMAZON Agreement in ignorance of the fact, which defendants concealed at all relevant times, that Defendants did not intend to give Plaintiff his portion from the sales of his merchandise as required by the AMAZON Agreement.

73.     On information and belief, Defendants AMAZON, and DOES 1 through 100, inclusive, all intended to deceive Plaintiff and cause Plaintiff to indirectly deliver his merchandise under the AMAZON Agreement in ignorance of the fact that Defendants did not intend to give to Plaintiff his portion of the proceeds from AMAZON's sales of his merchandise as required by the AMAZON Agreement.

74.     On information and belief, Defendants knew that Plaintiff relied on their promises to give Plaintiff his portion of the sales proceeds of his goods through AMAZON's website and did not disclose their intent not to comply with their representations and promises to Plaintiff in the AMAZON Agreement but had

COMPLAINT

a secret, undisclosed plan and business practice to use the tactic of not conducting investigations to verify that the law enforcement investigation was not well founded so that they thereafter could use that law enforcement investigation to avoid paying Plaintiff, as they did, and their other AMAZON sellers, the portion of their merchandise sales proceeds to which they were entitled under their respective agreements with Defendants.

75.   On information and belief, because Defendants, through AMAZON, had a relationship of trust and confidence with Plaintiff and were fiduciaries to Plaintiff (as Plaintiff's agents selling Plaintiff's merchandise through the AMAZON website) and had agreed with other Defendants to deceive Plaintiff into giving Defendants his merchandise, Defendants had a duty to disclose their true intent not to comply with AMAZON Agreement by paying Plaintiff his portion of the sales proceeds for his merchandise if any law enforcement investigation was commenced as to Plaintiff or his merchandise.

76.   Despite their relationship of trust and confidence and duties arising from it to him because AMAZON, on information and belief, and defendant DOES 1 through 100, were Plaintiff's agents in selling Plaintiff's merchandise and then handling Plaintiff's portion of the sales proceeds, and delivering such to Plaintiff and thereby Plaintiff's fiduciaries in receiving and holding Plaintiff's merchandise from Plaintiff through the AMAZON Agreement, Defendants knowingly and intentionally failed to disclose these material facts and secret business practices to Plaintiff in violation of their relationship of trust and confidence and fiduciary relationship with Plaintiff and thereby, caused Plaintiff's damages enumerated below.

77.   On information and belief, Defendants secretly agreed that Plaintiff would not be given the information that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise under the AMAZON Agreement, would not

COMPLAINT

be paid as provided under the AMAZON Agreement, because if Plaintiff had known the truth concealed by defendants that would have caused Plaintiff not to deliver his merchandise to Defendants under the AMAZON Agreement.

78.    On information and belief, Plaintiff would not have delivered Plaintiff's goods as he did under the AMAZON Agreement if he had known the true intentions of Defendants as to this concealment and nondisclosure of material, critical information.

79.    On information and belief, Defendants actively and intentionally concealed and suppressed their undisclosed intent not to comply with the AMAZON Agreement by not paying to Plaintiff his portion of the proceeds from AMAZON's sales of his merchandise to obtain the Plaintiff's goods from Plaintiff as aforementioned.

80.    On information and belief, all Defendants were aware that Plaintiff was not going to be given his portion of the proceeds from AMAZON's sales of his merchandise but concealed and misled Plaintiff and planned to conceal these facts from Plaintiff.

81.    On information and belief, Defendants agreed with the other Defendants, ratified their actions, and intended that the concealment be committed.

82.    Plaintiff was unaware of these facts which, on information and belief, Defendants failed to disclose and could not reasonably have discovered this information and would have behaved differently if he had known of the concealment or the truth about the suppressed facts.

83.    On information and belief, the Defendants' concealment or suppression of these facts was a substantial factor in causing Plaintiff's harm.

84.    On information and belief, Defendants all aided and abetted in the concealment by giving substantial assistance or encouragement to the other Defendants.

COMPLAINT

85.     On information and belief, Defendants' conduct was a substantial factor in causing harm to Plaintiff in that Plaintiff has been forced to incur interest, incur attorney's fees and costs to recover his damages, including his emotional distress, lost his share of the sales proceeds from AMAZON's sale of Plaintiff's goods, lost interest on such share at the legal rate, and has had to incur further costs as a result of Defendants' conduct.

86.     On information and belief, all Defendants intended to deceive and defraud Plaintiff into delivering his goods under the AMAZON Agreement to enable their obtaining of Plaintiff's funds and keeping most of the sales proceeds from the sales of Plaintiff's goods by concealing their true intent not to comply with the AMAZON Agreement.

87.     On information and belief, Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, in disregard of the likelihood of injuring and damaging Plaintiff, in disregard of the relationship of trust and confidence and fiduciary relationship with Plaintiff and duties arising from it owed to Plaintiff because their co-conspirator, AMAZON, had a relationship of trust and confidence with and a fiduciary relationship with and planned to defraud Plaintiff by failing to disclose their plan and the fact that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not be delivered to Plaintiff as promised in furtherance of the conspiracy from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

88.     On information and belief, Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

89.     On information and belief, Plaintiff is entitled to the additional sum of $50,000,000 from Defendants as punitive damages, which is a sum that will be sufficient to deter and punish such conduct by Defendants.

90.     On information and belief, Plaintiff is entitled to reasonable attorney's fees and costs of this suit under Cal. Civ. Code § 1717, California Code of Civil Procedure §1021.5, and other applicable statutes.

91.     On information and belief, Plaintiff is also entitled to interest at the legal rate on the Plaintiff's portion of sales proceeds from the sales by AMAZON of Plaintiff's goods that remain unpaid and also on the costs and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from October 28, 2020.

## FOURTH CAUSE OF ACTION
*(Intentional Misrepresentation Against Defendants AMAZON and DOES 1 through 100.)*

92.     The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

93.     For purposes of this cause of action, "Defendants" are Defendants AMAZON and DOES 1 through 100.

94.     On information and belief, each named and unnamed Defendant was the agent, employee, joint venturer, or coconspirator of each other named and unnamed Defendant, who, while acting, omitting to act, representing, misrepresenting, concealing, and conspiring, was acting both for his, her, or its benefit and advantage, as well as acting, omitting to act, representing, misrepresenting, concealing, and conspiring, for the benefit of some or all of the other Defendants.

95.     On information and belief, Defendants, in doing the things mentioned in this Complaint, were at all times acting within the course and scope of said employment, agency, joint venture, and conspiracy, with the knowledge, consent, approval, and ratification of each of the other Defendants.

COMPLAINT

96.     On information and belief, as stated in the above paragraphs, Defendants promised and represented to Plaintiff under the AMAZON Agreement, through AMAZON, that they would deliver the full portion owed to Plaintiff from the sales proceeds from AMAZON's sales of Plaintiff's goods to Plaintiff after those goods were sold according to the terms of the AMAZON Agreement despite their actual, secret plan that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not be delivered to Plaintiff as promised in furtherance of the Conspiracy.

97.     On information and belief, Defendants instead **intended to keep** Plaintiff's goods and intended that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not ever be delivered to Plaintiff as promised in furtherance of the Conspiracy.

98.     On information and belief, Defendants knew that Plaintiff relied on their promises and did not disclose their intent not to comply with their promises to Plaintiff. Defendants concealed and failed to disclose these material facts to Plaintiff and promised to pay Plaintiff his share of the sales proceeds under the Amazon Agreement if Plaintiff continued selling his goods through the AMAZON website after the Investigation was concluded, and thereby induced Plaintiff to continue delivering his goods to AMAZON to be sold after the Investigation had started.

99.     The information that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not be delivered to Plaintiff as promised would have caused Plaintiff not to deliver his goods under the AMAZON Agreement, not to have proceeded with the AMAZON Agreement, and Plaintiff would not also have continued to deliver his goods to AMAZON after the Investigation was started.

100.   On information and belief, Defendants AMAZON, and DOES 1 through 100, inclusive, all entered into a conspiracy and agreement to deceive Plaintiff and cause him to pay the sums under the AMAZON Agreement in ignorance of the fact that Defendants did not intend to perform according to the AMAZON Agreement.

101.   On information and belief, through their co-conspirators at AMAZON, Defendants actively and intentionally misrepresented that they intended to comply with their promises in the AMAZON Agreement with Plaintiff as aforementioned.

102.   On information and belief, Defendants knew that these representations were false or made them recklessly without regard for their truth. On information and belief, Defendants all knew that they (through AMAZON) were misrepresenting material, and important facts about the AMAZON Agreement to Plaintiff and approved of and ratified **such misrepresentations through** AMAZON.

103.   On information and belief, Defendants intended that Plaintiff rely on these misrepresentations, and Plaintiff did rely on these misrepresentations. On information and belief, including by not disclosing to Plaintiff their true intentions and not disclosing the true facts after making the above promises, Defendants all ratified and assisted their initial misrepresentations.

104.   On information and belief, by falsely promising and not revealing that they intended that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not be delivered to Plaintiff as promised in furtherance of the Conspiracy, Defendants disregarded and violated their relationship of trust and confidence and fiduciary relationship and duties arising therefrom of due care and of loyalty owed to Plaintiff because their co-conspirator and partner (AMAZON)

COMPLAINT

had a relationship of trust and confidence and was a fiduciary of Plaintiff and had a duty to disclose material facts and misrepresentations to Plaintiff.

105.   On information and belief, Plaintiff was harmed, and Plaintiff's reliance on Defendants' misrepresentations and failures to disclose made through AMAZON was reasonable and justified, because Plaintiff relied upon Defendant AMAZON to comply with its relationship of trust and confidence, fiduciary relationship, and duties arising from it to Plaintiff.

106.   On information and belief, Defendants' failures to correct their misrepresentations (through AMAZON) made them materially misleading, (which misrepresentations were ratified by Defendants after they were made by AMAZON) and were a substantial factor in causing Plaintiff's harm.

107.   Each of Defendants, on information and belief, was aware that AMAZON and DOES 1 through 100 planned to misrepresent and breach the AMAZON Agreement and mislead Plaintiff as aforementioned.

108.   Defendants, on information and belief, agreed with AMAZON and intended that the misrepresentations be committed.

109.   Defendants, on information and belief, aided and abetted in the misrepresentations by giving substantial assistance or encouragement to AMAZON, particularly by suppressing and failing to disclose their intent and AMAZON's plan and policy to not comply with the AMAZON Agreement, to cause Plaintiff to deliver his merchandise.

110.   On information and belief, Defendants' conduct was a substantial factor in causing harm to Plaintiff. On information and belief, Plaintiff has been damaged in that Plaintiff has lost interest on the unpaid sum of Plaintiff's portion of the sales proceeds through AMAZON of his goods, been forced to incur costs to collect the sums owed to Plaintiff by Defendants, including attorney's fees and

COMPLAINT

costs to recover his damages, and will further incur more such costs as a result of Defendants' conduct.

111.   On information and belief, all Defendants intended to deceive and defraud Plaintiff into delivering Plaintiff's goods under the AMAZON Agreement while not delivering to Plaintiff his portion of the proceeds from AMAZON's sales of his merchandise by making the aforementioned false representations.

112.   On information and belief, Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of damaging and injuring Plaintiff, in disregard of the likelihood of injuring Plaintiff, in disregard of their duties to Plaintiff and to defraud Plaintiff by causing Plaintiff to deliver to them Plaintiff's goods even though Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not be paid by Defendants to Plaintiff as promised in furtherance of the conspiracy from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

113.   On information and belief, Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

114.   On information and belief, Plaintiff is entitled to Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods from AMAZON's sales of his goods which remains unpaid plus interest at the legal rate of 10% per annum on such sum, legal fees, costs, and other damages from Defendants for his aforementioned damages.

115.   On information and belief, Plaintiff is entitled to the additional sum of $50,000,000 from Defendants as punitive damages, which is a sum that will be sufficient to deter and punish such conduct by Defendants.

COMPLAINT

116.   On information and belief, Plaintiff is entitled to reasonable attorney's fees and costs of this suit under *Cal. Civ. Code § 1717*, and other applicable statutes.

117.   On information and belief, Plaintiff is also entitled to interest at the legal rate on Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and on the cost, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent 10% per annum from October 28, 2020.

## FIFTH CAUSE OF ACTION
*(Negligent Misrepresentation Against Defendants AMAZON and DOES 1 through 100.)*

118.   The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

119.   For purposes of this cause of action, "Defendants" are Defendants AMAZON, and DOES 1 through 100.

120.   On information and belief, Defendants falsely represented to Plaintiff (through AMAZON) that Plaintiff would be given Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise under the terms of the AMAZON Agreement and neglectfully failed to reveal to Plaintiff that they would not deliver the full Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods if any investigation were started (or any claims of misconduct as to unrelated goods were made, even if such claims were unsupported by evidence) by any government agency against Plaintiff, or at least, by The CALIFORNIA HIGHWAY PATROL.

121.   On information and belief, Defendants falsely did not disclose to Plaintiff that if any investigation of Plaintiff was started by any government

agency, or at least, by the CALIFORNIA HIGHWAY PATROL (or any claims of misconduct as to unrelated goods were made, even claims unsupported by evidence) then Plaintiff would not be given Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise under the terms of the AMAZON Agreement.

122.   On information and belief, Defendants had no reasonable grounds for believing that the representations were true when they made them. Defendants negligently and carelessly failed to inform Plaintiff of the truth of such material facts, misrepresentations, and falsehoods.

123.   On information and belief, Defendants intended that Plaintiff rely on the misrepresentations, and suppressions of facts, and failed to reveal to Plaintiff their policy and intent that Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise would not be delivered to Plaintiff as promised.

124.   On information and belief, Plaintiff did reasonably rely on these negligent misrepresentations and failures to disclose by Defendants because Plaintiff had no source of information as to Defendants' secret, undisclosed policy and plans, and had no reason to expect Defendants to refuse to pay him his share from the proceeds of the sales of his goods by AMAZON.

125.   On information and belief, Plaintiff was harmed as a result of Defendants' failures to disclose and negligent, false representations and promises, and Plaintiff's reliance on the misrepresentations was a substantial factor in causing him harm.

126.   On information and belief, each of the Defendants knew that AMAZON and DOES 1 through 100 were negligently misrepresenting facts to Plaintiff, concealing facts such as the intent to keep Plaintiff's merchandise without paying him his portion from its sale and were thereby going to continue to

negligently misrepresent facts to Plaintiff and all Defendants carelessly and negligently failed to disclose the true facts to Plaintiff.

127.   On information and belief, Defendants ratified, approved of, and aided and abetted the negligent misrepresentations by AMAZON and DOES 1 through 100 by giving substantial assistance or encouragement to him.

128.   On information and belief, Defendants' conduct was a substantial factor in causing harm to Plaintiff. Plaintiff has been damaged in that Plaintiff has been forced to lose interest and incur costs to collect the sums required to be paid to Plaintiff under the AMAZON Agreement from Defendants, which Defendants are refusing to pay including attorney's fees and costs to recover his damages and will incur further incur more such costs as a result of Defendants' conduct.

129.   On information and belief, Plaintiff is entitled to Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods which Defendants are refusing to pay plus interest at the legal rate on such sum from Defendants for his aforementioned damages.

130.   On information and belief, as a result of Defendants' negligent, careless, false representations, unfair business practices and breach of the AMAZON Agreement Plaintiff is also entitled to reasonable attorney's fees and costs of this suit under Cal. Civ. Code § 1717, or other applicable statutes.

131.   On information and belief, Plaintiff is also entitled to interest at the legal rate on the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from October 28, 2020.

/ / /

/ / /

COMPLAINT

# SIXTH CAUSE OF ACTION

*(Breach Of Relationship Of Trust And Confidence Against Defendants, AMAZON and DOES 1 through 100.)*

132. The allegations of paragraphs 1 through 30, inclusive, are incorporated by reference in this Cause of Action.

133. For purposes of this cause of action, "Defendants" are AMAZON, and DOES 1 through 100, inclusive.

134. On information and belief, through Defendant AMAZON, Defendants had a relationship of trust and confidence with Plaintiff as the seller of his goods for years and duties arising from such relationship to Plaintiff to investigate, discover, and disclose all material facts, disclose known errors or problems with complying with or noncompliance with the AMAZON Agreement, account for and pay over Plaintiff's share of the proceeds from AMAZON's sale of his merchandise through its website and advise and consult with Plaintiff regarding the effects that these material facts may have on Plaintiff's decisions.

135. On information and belief, Defendants had a relationship of trust and confidence and duties arising from AMAZON's relationship as the existing seller of the goods of Plaintiff and thereby duties to disclose all material information that they knew or could reasonably obtain regarding whether they would pay the full Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods or relating to the transaction.

136. On information and belief, Defendants breached their duties to Plaintiff, particularly by failing to disclose that they would not deliver Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise according to the terms of the AMAZON Agreement if any investigation of Plaintiff was started (or any claims of misconduct were made even just claims that were factually

without support as to unrelated goods) by any government agency, or at least, by The CALIFORNIA HIGHWAY PATROL.

137.   On information and belief, each Defendant was aware that each other Defendant was breaching their duties or was going to breach their duties.

138.   On information and belief, each Defendant agreed with each other Defendant and intended that their duties be breached.

139.   On information and belief, each Defendant aided and abetted in the breach of duties by giving substantial assistance or encouragement to each other Defendant.

140.   On information and belief, each Defendant committed negligence, constructive fraud, or actual fraud in the breach of their duties.

141.   On information and belief, Plaintiff was harmed, and Defendants' breaches of their duties were a substantial factor in causing Plaintiff's harm.

142.   On information and belief, Plaintiff is entitled to the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods plus interest at the legal rate on such sum from Defendants for his aforementioned damages.

143.   On information and belief, Plaintiff is also entitled to interest at the legal rate on the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from October 28, 2020.

## SEVENTH CAUSE OF ACTION
*(Violation of Business and Professions Section 17200, et seq., Against Defendants, AMAZON and DOES 1 through 100.)*

144.   The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

145.   For purposes of this cause of action, "Defendants" are Defendants AMAZON, and DOES 1 through 100.

146.   On information and belief, Defendants had a policy, procedure, and business practice of (a) not properly investigating claims or investigations against their AMAZON sellers and (b) not informing their AMAZON sellers that AMAZON would take Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods if any government agency started any investigation of them (including plaintiff) or made any claims against them even if such claims were not supported by facts and pertained only to merchandise of Plaintiff that had not been given to or sold by AMAZON.

147.   On information and belief, Defendants had a policy, procedure, and business practice of not disclosing to their AMAZON sellers (including Plaintiff) or prospective other AMAZON sellers that if any seller (such as Plaintiff) was investigated by any law enforcement agency or at least, by the CALIFORNIA HIGHWAY PATROL (or even if claims that were not factually supported were made against them Plaintiff) then AMAZON would refuse to pay their (and Plaintiff's share) of the proceeds from AMAZON's sales of their (including Plaintiff's) goods, so Defendants would then later deny Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods to him based on such alleged Investigation and claims.

148.   On information and belief, by this unfair business practice, policy, and procedure, Defendants denied payment of the Plaintiff's share of the proceeds from the sales of his goods through the AMAZON website as aforementioned to Plaintiff using such alleged CALIFORNIA HIGHWAY PATROL claims and Investigation as the excuse for such denial.

149.   On information and belief, Defendants have denied payment of Plaintiff's share of the proceeds from the sales of his goods through the AMAZON

website amounting to hundreds of thousands of dollars to Plaintiff and totaling millions of dollars to AMAZON's other sellers, who have also sold goods through the AMAZON website then had their share of the proceeds of such sales pursuant to their AMAZON agreements withheld from them by Defendants and if they had acted as reasonable, diligent sellers and agents,

(a) Defendants would have informed Plaintiff and their other AMAZON sellers of their policy not to pay Plaintiff or those other sellers if any investigation were commenced against them by any government agency or at least, by the CALIFORNIA HIGHWAY PATROL of if any claims (even factually unsupported claims as to goods not sold through AMAZON or delivered to AMAZON) were made against them;

(b) they would have informed Plaintiff and their other AMAZON sellers of their policy not to pay Plaintiff or those other sellers if any claims were made against them (even if such claims were not meritorious or did not relate to their (Plaintiff's) sales through the AMAZON website whose proceeds AMAZON has kept) by any government agency or at least, by the CALIFORNIA HIGHWAY PATROL;

(c) they would have investigated those investigations and claims made against those AMAZON sellers (and of Plaintiff) to ascertain that they were without merit, and

(d) they would then have discovered such claims and the Investigation of Plaintiff were meritless and were not supported by facts.

150.   California's Unfair Competition Law, as codified by California Business & Professions Code sections 17200, et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. California's Unfair Competition Law is interpreted broadly and provides a cause of action for any unlawful, unfair, or fraudulent **business act or practice.**

Any unlawful, unfair, or fraudulent business practice that causes injury to consumers falls within the scope of California's Unfair Competition Law.

151.   Defendants' acts and practices, as described herein, constitute unlawful or unfair business practices against Plaintiff in violation of California Business and Professions Code section 17200, et seq.

152.   Concerning Plaintiff, these acts include, but are not limited to,

(a)   failing to disclose to Plaintiff that if any government agency or at least, if the CALIFORNIA HIGHWAY PATROL started an investigation against Plaintiff, then Plaintiff would not be given Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise under the terms of the AMAZON Agreement but such portion would be withheld by Defendants;

(b)   failing to notify Plaintiff of the consequences of any such investigation started against him or any claims by any government agency, or at least, by the CALIFORNIA HIGHWAY PATROL (even if such claims were unsupported by evidence or pertained only to goods that were not ever delivered by Plaintiff to AMAZON or which were not sold through AMAZON), so that AMAZON would then deny payment of the Plaintiff's portion of the proceeds from the sales of his goods through the AMAZON website,

(c)   failing to disclose to Plaintiff that if any investigation were started against him (or any claims were made against him, even if meritless or only as to unrelated goods of Plaintiff) by the CALIFORNIA HIGHWAY PATROL, AMAZON would deny payment of Plaintiff's share of the proceeds from the sales of his goods through the AMAZON website under his AMAZON Agreement.

153.   On information and belief, Defendants' conduct constituted unlawful, unfair, or fraudulent business acts or practices.

154.   On information and belief, Plaintiff was harmed by Defendants' conduct and unfair, unlawful, and fraudulent business practices.

155.   On information and belief, the unlawful, unfair, or fraudulent business acts or practices caused Plaintiff's injury.

156.   Any claimed justification for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff. Defendants' acts and practices **are** immoral, unethical, oppressive, unconscionable, or substantially injurious to Plaintiff, and/or tend to deceive Plaintiff and the Classes.

157.   Because of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct as alleged herein, Defendants violated California Business and Professions Code sections 17200, et seq., by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of his respective shares of the proceeds from the sales of their goods through the AMAZON website of Defendants' services, including Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods.

158.   Defendants perpetrated these acts and practices against Plaintiff, and the Classes, and as a direct and proximate result of the foregoing, Plaintiff and the Classes have suffered and continue to suffer damages in a sum which is, as of yet, unascertained. Under California Business and Professions Code section 17203, Plaintiff is entitled to restitution of all the money received by Defendants for retaining Plaintiff's share of the proceeds from the sales of his goods through the AMAZON website that were due and owing to Plaintiff (with interest thereon) from the sales of his goods (with interest thereon), to disgorgement of all Defendants' profits arising out of their unlawful conduct (with interest thereon), including all unpaid shares of the proceeds from AMAZON's sales of their goods

COMPLAINT

owing, and (as to Plaintiff) to be paid the full Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods due to Plaintiff under the AMAZON Agreement that Defendants wrongfully retained using its unlawful business practices.

159. Therefore, Plaintiff is entitled to the following injunctions:

(a)     For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

(b)     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants AMAZON, and DOES 1 through 100, ("Defendants") inclusive as follows,

   i.   To provide to Plaintiff Plaintiff's full share of the proceeds from AMAZON's sales of Plaintiff's goods,

   ii.  To provide any to any Plaintiff of any lawsuits or arbitration claims made against Defendants full reimbursement of all sales proceeds obtained by these business practices enumerated above by any of Defendants as to which Defendants have not completed delivery of their respective seller's portion of the proceeds from AMAZON's sales of his or her or its merchandise;

   iii. To provide to all other AMAZON sellers or prospective other AMAZON sellers who enter into any agreements with Defendants a written, 14-point, bold-face type warning and disclosure of the policy by AMAZON that if any investigation or any claim is brought by any government agency or at least, by the CALIFORNIA HIGHWAY

COMPLAINT

PATROL against them, then AMAZON will then deny payment of their share of the proceeds of the sales of their goods just as it denied Plaintiff payment of Plaintiff's share of the proceeds from the sales of his goods through the AMAZON website.

iv.  To provide restitution to all other AMAZON sellers of AMAZON of all unpaid proceeds from the sales of their goods, including Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods unless Defendants have already delivered their respective portion of the proceeds of the sales through AMAZON's website of their respective goods to them under the terms agreed upon as required by the respective, AMAZON agreements.

160.   On information and belief, as a result of Defendants' unfair business practices and breach of the AMAZON Agreement Plaintiff is also entitled to reasonable attorney's fees and costs of this suit under California Civil Code § 1717, Business and Professions Code Section 17082, or other applicable statutes.

161.   Under California Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover their reasonable attorney's fees in connection with Defendants' unfair competition claims, the substantial benefit doctrine, and/or the common fund doctrine.

162.   On information and belief, Plaintiff is also entitled to interest at the legal rate on the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from December 1, 2021.

COMPLAINT

## EIGHTH CAUSE OF ACTION
*(Tortious Breach of The Covenant of Good Faith And Fair Dealing Against Defendants, AMAZON and DOES 1 through 100.)*

163.   The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

164.   For purposes of this cause of action, "Defendants" are Defendants AMAZON and DOES 1 through 100.

165.   On information and belief, there is an implied covenant of good faith and fair dealing between Plaintiff and the Defendants, which provides that neither party will do anything which will injure the right of the other to receive the Plaintiff's share of the proceeds from the sales of his goods through the AMAZON website of the business relationship and that all parties have the duty to do everything that the terms of the business relationship presuppose will be done to accomplish that purpose.

166.   On information and belief, Defendants breached the implied covenant of good faith and fair dealing by (A) failing to disclose to Plaintiff that if Plaintiff was investigated by any law enforcement agency or at least, by the CALIFORNIA HIGHWAY PATROL (or even if unsupported claims were merely made against Plaintiff) then AMAZON would refuse to pay the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods and (B) retain all Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods, required to be paid under the Agreement paid for by Plaintiff.

167.   On information and belief, as an indication of **the many acts** undertaken by Defendants, and each of them, that breached this covenant, Defendants have failed and continue to fail to pay to the order of Plaintiff the sums that they contracted to pay Plaintiff as alleged herein, which they were obliged to

COMPLAINT

pay under the Agreement that they enter into with Plaintiff as to the sales of his goods through the AMAZON website.

168.   **On** information and belief, as a direct, proximate, and foreseeable result of Defendants' egregious acts, by unilaterally breaching the covenant of good faith and fair dealing, Plaintiff was placed in a significantly worse financial condition as a result of Plaintiff's interaction with the Defendants, because Plaintiff was induced to incur and then lost even the value of his goods which Plaintiff would not have delivered to AMAZON if he had known that Defendants did not intend to pay the full proceeds under the AMAZON Agreement. On information and belief, as a direct, proximate, and foreseeable result of Defendants' egregious acts, Plaintiff has had to incur attorneys' fees and costs engaged in this lawsuit before the court and has lost significant monies therefrom.

169.   On information and belief, the aforementioned conduct of Defendants, and each of them, by depriving Plaintiff of funds and property that otherwise belong to Plaintiff as alleged herein, was willful, malicious, and purposely executed by Defendants and each of them with the intent to thereby deprive Plaintiff of Plaintiff's property, legal rights thereto, or otherwise cause injury. On information and belief, said conduct was oppressive and despicable, in that it subjected Plaintiff to cruel and unjust hardship, in conscious disregard of Plaintiff's rights, so as to justify an award of punitive damages.

170.   On information and belief, under their Conspiracy and their misrepresentations and concealment of material facts while defendants AMAZON was the seller of the goods of Plaintiff and was receiving a portion of the sales proceeds from the sales of Plaintiff's goods, Defendants, through AMAZON, had a fiduciary relationship and a relationship of trust and confidence with Plaintiff, Defendants knowingly received and then withheld the sums received from the sales of the goods of Plaintiff under the AMAZON Agreement through fraud and

misrepresentations and have them withheld continually from Plaintiff, which they abused and breached by refusing to pay Plaintiff the full Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods as alleged.

171.   On information and belief, Plaintiff is entitled to recover damages, costs of suit, and reasonable attorney fees from Defendants due to their inducing him to give AMAZON their goods, even after the Investigation had been started and AMAZON intended to keep the full proceeds from the sales of Plaintiff's goods by false pretenses and fraud in disregard of their representations in the AMAZON Agreement and representations that they made after the Investigation was started.

172.   On information and belief, Plaintiff was and is entitled to the full Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods under the AMAZON Agreement plus interest thereon.

173.   On information and belief, Plaintiff is entitled to recover from Defendants the additional sum of punitive damages on that sum which amount to $50,000,000 to deter and punish such conduct by Defendants.

174.   On information and belief, under California Civil Code Section 1717 and California Code of Civil Procedure §1021.5, Plaintiff is entitled to additional sums for reasonable attorneys' fees incurred before this action and in this action to collect the sums incurred by him in legal fees and costs to seek to compel Defendants to pay the full amount required by the AMAZON Agreement plus interest at the legal rate.

175.   On information and belief, Plaintiff is therefore entitled to the Plaintiff's portion of the proceeds from the sales of Plaintiff's goods through AMAZON's website plus legal fees, and costs, plus interest at the legal rate on such sum from Defendants for his aforementioned damages.

176.   On information and belief, as a result of Defendants' unfair business practices and breach of the AMAZON Agreement, Plaintiff is also entitled to reasonable attorney's fees and costs of this suit under Cal. Civ. Code § 1717, California Code of Civil Procedure §1021.5, or other applicable **statutes.**

177.   On information and belief, Plaintiff is also entitled to interest at the legal rate on the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from October 28, 2020.

## NINTH CAUSE OF ACTION
*(Breach of Contract Against Defendants AMAZON,*
*and DOES 1 through 100.)*

178.   The allegations of paragraphs 1 through 30, inclusive, are incorporated by reference in this Cause of Action.

179.   For purposes of this cause of action, "Defendants" are Defendants AMAZON and DOES 1 through 100.

180.   On information and belief, Defendants' actions as stated above constitute a material breach of the AMAZON Agreement. Plaintiff complied with all the terms of the AMAZON Agreement and delivered the merchandise of Plaintiff for AMAZON to sell in its website but did not receive Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise as required by the AMAZON Agreement upon the sale of Plaintiff's goods through the AMAZON website.

181.   Defendants violated, breached, and disregarded the AMAZON Agreement which they entered into with Plaintiff, and Defendant AMAZON, and DOES 1 through 100 breached their AMAZON Agreement and also failed to reveal their intent not to pay the full Plaintiff's share of the proceeds from

AMAZON's sales of Plaintiff's goods, and so failed to complete the Defendants' performance or to pay for Plaintiff's damages.

182.   Plaintiff did all or substantially all of the significant things that the AMAZON Agreement required him to do if any or were excused from having to do them.

183.   All conditions specified in the contracts for Plaintiff's performance, if any, were met, waived, or excused.

184.   Plaintiff was harmed and on information and belief, Defendants' breach of contract by violation of the AMAZON Agreement was a substantial factor in causing Plaintiff's harm.

185.   On information and belief, Plaintiff was harmed and Defendant's breach of contract and the separate breach by defendant's (AMAZON and DOES 1 through 100) of their duties to Plaintiff by making false promises as pled in the incorporated paragraphs, failing to disclose and concealing the intent not to give Plaintiff Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise were substantial factors in causing Plaintiff's harm.

186.   On information and belief, each of the Defendants were aware that defendant AMAZON and DOES 1 through 100, planned to breach the AMAZON Agreement and ratified such actions.

187.   On information and belief, Defendants, including defendants DOES 1 through 100, ratified and approved defendant AMAZON's scheme to obtain funds from Plaintiff under the AMAZON Agreement, then to breach the AMAZON Agreement and keep both the funds of Plaintiff and Plaintiff's portion of the proceeds from AMAZON's sales of his merchandise.

188.   On information and belief, Defendants, including defendants DOES 1 through 100, agreed with AMAZON, and intended that they breach the AMAZON

COMPLAINT

Agreement ("Conspiracy"). Defendants failed to disclose their plan to breach the AMAZON Agreement to Plaintiff.

189.   Defendant AMAZON also breached its AMAZON Agreement, which it breached by not paying its promised Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods or for Plaintiff's damages.

190.   On information and belief, Defendants, including defendant DOES 1 through 100, aided and abetted in the breach by giving substantial assistance or encouragement to defendant AMAZON.

191.   On information and belief, Defendants' conduct was a substantial factor in causing harm to Plaintiff.

192.   On information and belief, Plaintiff has been damaged in that Plaintiff has been forced to incur costs to recover the as yet unpaid portion of his promised Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods under AMAZON Agreement, attorney's fees, and costs to recover his damages, lost interest, and expects to incur further incur more such costs as a result of Defendants' conduct.

193.   On information and belief, Plaintiff is entitled to reasonable attorney's fees and costs of this suit under Cal. Civ. Code § 1717 or other applicable statutes.

194.   On information and belief, Plaintiff is also entitled to interest at the legal rate on the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from October 28, 2020.

/ / /

/ / /

/ / /

COMPLAINT

## TENTH CAUSE OF ACTION
*(Declaratory Relief Against All Defendants.)*

195.   The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

196.   Under Code of Civil Procedure section 1060 et seq., the Court may declare rights, status, and other legal relations whether or not further relief is or could be claimed.

197.   An actual controversy has arisen between Plaintiff and Defendants AMAZON (and DOES 1 through 100) as to the rights, duties, responsibilities, and obligations of the parties in that Plaintiff contends and, on information and belief, Defendants dispute and deny that:

(a) despite being the prior and continuing seller of Plaintiff's goods through the AMAZON website, AMAZON owed any duties of disclosure to Plaintiff that if any investigation of Plaintiff was begun by any government authority or at least by the CALIFORNIA HIGHWAY PATROL (or if any such agencies made any claims against Plaintiff), AMAZON would deny payment of the Plaintiff's share of the proceeds from the sales of Plaintiff's goods through AMAZON's website.

(b) AMAZON has a duty of good faith and fair dealing because it was Plaintiff's seller of Plaintiff's goods through the AMAZON website to disclose to Plaintiff that if any government agency or at least, if the CALIFORNIA HIGHWAY PATROL started an investigation, then AMAZON would deny payment of the Plaintiff's portion of the proceeds from the sales of his goods through the AMAZON website.

COMPLAINT

198.   Resolution of the duties, responsibilities, and obligations of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

199.   Plaintiff seeks a further Declaratory Judgment to determine whether the AMAZON Agreement required AMAZON to pay Plaintiff the full Plaintiff's share of the proceeds from the sales of his goods through the AMAZON website.

200.   Plaintiff seeks a further Declaratory Judgment to the following effect:

(a) All of the goods that Plaintiff has sold through the AMAZON website were legally owned by Plaintiff before they were sold and not illegal or stolen in any way;

(b) The CALIFORNIA HIGHWAY PATROL's investigation has not located any evidence that Plaintiff sold any stolen goods;

(c) The CALIFORNIA HIGHWAY PATROL's investigation has not located any evidence that Plaintiff sold any illegal goods;

(d) The CALIFORNIA HIGHWAY PATROL does not have any basis to assert any claims or criminal charges against Plaintiff;

(e) Plaintiff has not sold any stolen or illegal goods;

(f) Plaintiff has not sold any stolen or illegal goods through defendant AMAZON;

(g) Plaintiff's goods, which it sold through defendant AMAZON, were not stolen or illegal.

201.   On information and belief, Plaintiff is also entitled to interest at the legal rate on the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from October 28, 2020.

COMPLAINT

## ELEVENTH CAUSE OF ACTION
*(Accounting Against All Defendants.)*

202.   The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

203.   Defendants have maintained full control of and the management of the Subject Funds (the full, including the Plaintiff's share, proceeds from the sale by AMAZON of Plaintiff's goods as described above through AMAZON's website) since their sale of Plaintiff's goods, have secretly asserted ownership and control over those sums and secretly taken such to their own use, and have not provided Plaintiff nor Plaintiffs' counsel with a proper accounting of what they have done with the earnings and rents earned by the Subject Funds.

204.   Plaintiffs requested and request from Defendants a full accounting of all funds obtained from the management and control of the Subject Funds since August 01, 2020. Defendants have refused and failed to provide such a requested accounting of the earnings and rents from the Subject Funds or any accounting whatsoever.

205.   Plaintiffs have been damaged in a sum according to proof for all monies, properties, interest, and amounts taken and converted by Defendants through their own misconduct, plus interest at the legal rate on said amounts.

## TWELFTH CAUSE OF ACTION
*(Temporary Restraining Order, Preliminary Injunction*
*And Permanent Injunction Against All Defendants.)*

206.   The allegations of paragraphs 1 through 56, inclusive, are incorporated by reference in this Cause of Action.

207.   On or about December 20, 2020, and a number of times since then, Plaintiffs have demanded that Defendants stop their wrongful conduct described

above. Defendants continue such wrongful conduct including keeping to themselves the Subject Funds (the full, including the Plaintiff's share, proceeds from the sale by AMAZON of Plaintiff's goods as described above through AMAZON's website) since their sale of Plaintiff's goods and all earnings from them, and Defendants have refused and still refuse to refrain from this conduct.

208. If an injunction is not granted, Plaintiffs will lose valuable property (the Subject Funds arising from the goods of Plaintiff which Defendants converted through their fraud upon Plaintiff and funds Defendants are receiving from the Subject Funds which Defendants will conceal) tending to render any judgment ineffectual and moot, unless Plaintiffs could obtain the funds illegally and wrongfully taken from Plaintiffs by Defendants and prevent Defendants from taking any further funds, because on information and belief, Defendants have made repeated and continuing fraudulent transfers to other Defendants of converted funds, have previously prevented Plaintiffs from getting access to their records and bank accounts, have failed even to keep records, and have concealed records and assets from Plaintiff.

209. Plaintiffs will incur great and irreparable injury if Defendant is allowed to hide, fraudulently transfer, and conceal converted funds, records, assets and files, as will numerous other persons who are or are becoming Defendants' creditors, including their tenants, tending to render the eventual judgment in this action ineffectual and moot.

210. To prevent said injury and harm and to insure to Plaintiff his constitutionally guaranteed right of due process of having a hearing upon this action, Plaintiff seeks to restrain and enjoin Defendants from completing and continuing their acts of transferring away or concealing the converted assets described above.

COMPLAINT

211.   To restrain Defendants, Plaintiff seeks that this Court issue a Temporary Restraining Order restraining Defendants, a preliminary **injunction,** and thereafter, a permanent injunction barring the following actions by Defendants.

212.   A temporary restraining order for the purposes of restraining and enjoining Defendants and their respective agents, assigns, partners, employees and representatives as follows:

     (a) Restraining and Enjoining Defendants, and their respective agents, assigns, partners, employees and representatives, from transferring away any assets or any assets belonging to Plaintiffs, including the issuance thereafter of a preliminary injunction restraining and barring said actions pending resolution of this action, and thereafter of a permanent injunction barring such actions.

     **(b)** Restraining and Enjoining Defendants, and their respective agents, assigns, partners, employees and representatives, from removing, destroying, or concealing any of the financial or other records of the earnings from the Subject Funds, including the issuance thereafter of a preliminary injunction restraining and barring said actions pending resolution of this action, and thereafter of a permanent injunction barring such actions.

     (c)    Restraining and Enjoining Defendants, and their respective agents, assigns, partners, employees and representatives, from concealing or withholding from Plaintiffs any of the financial or other records pertaining to the Subject Funds, including the issuance thereafter of a preliminary injunction restraining and barring said actions pending resolution of this action, and thereafter, of a permanent injunction barring such actions.

     (d) Restraining and Enjoining Defendants, and their respective agents, assigns, partners, employees and representatives, from dissipating or spending or withholding from Plaintiffs any of the future earnings from the

Subject Funds, including the issuance thereafter of a preliminary injunction restraining and barring said actions pending resolution of this action, and thereafter of a permanent injunction barring such actions.

**WHEREFORE,** Plaintiff prays Judgment against Defendants, and each of them, as follows:

## AS TO THE FIRST, THIRD, FOURTH, SIXTH, EIGHTH, AND NINTH CAUSES OF ACTION:

1. For the principal sum according to proof, which is  the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid by Defendants on Plaintiff's AMAZON Agreement;

2. For the sum of $50,000,0000 as punitive damages;

3. For interest upon such Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods, legal fees, and costs, at the legal rate of ten percent (10%) per annum from December 1, 2021;

## AS TO THE SECOND, FIFTH, SEVENTH, AND ELEVENTH CAUSES OF ACTION:

4. For unpaid Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods in a sum according to proof as damages;

5. For interest upon such Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods at the legal rate of ten percent (10%) per annum from October 28, 2020;

6. For reasonable attorneys' fees under Business & Professions Code §17082, California Civil Code § 1717, California Code of Civil Procedure §1021.5, or other applicable statutes.

COMPLAINT

*AS TO THE TENTH CAUSE OF ACTION:*

7.   For a declaration of the rights and interests of the parties in and to the AMAZON Agreement and to the unpaid Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods in a sum according to proof pursuant to the AMAZON Agreement.

8. For an order declaring Plaintiff to be the sole owner of all right, title, and interest in the unpaid Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods in a sum according to proof pursuant to the AMAZON Agreement held by Defendants.

9. For an order declaring Defendants to have no right, title, or interest in the unpaid Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods in a sum according to proof pursuant to the AMAZON Agreement held by Defendants.

10. For an order compelling Defendants, and each of them, to convey to Plaintiff the unpaid Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods in a sum according to proof pursuant to the AMAZON Agreement held by Defendants.

*AS TO THE ELEVENTH CAUSE OF ACTION:*

11.   For the following orders:

a. For an accounting between Plaintiffs and Defendants;

b. For payment to Plaintiffs of the amount due from Defendant AMAZON as a result of the account, including but not limited to the Plaintiff's share of the proceeds from the sales of his goods by defendant AMAZON.

*AS TO THE TWELFTH CAUSE OF ACTION*:

**12.**   For the following orders:

a)  For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

b)  For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants AMAZON, DOES 1 through 100, ("Defendants") inclusive, and their respective agents, assigns, partners, employees and representatives as follows:

        i)      To provide to any designated AMAZON sellers, including Plaintiff, the full sum of any denied sellers' (including Plaintiff's) share of the proceeds from AMAZON's sales of such sellers' (including Plaintiff's) goods, which were denied because of, on information and belief, Defendants' unfair business practices of (a) failing to clearly tell other AMAZON sellers and prospective other AMAZON sellers that if any investigation were started against them by any law enforcement authority or at least, by The CALIFORNIA HIGHWAY PATROL (or if any claims were made against such sellers, including Plaintiff), AMAZON would use of that investigation or claims to deny them payment of their share of the proceeds from the sales of their goods through the AMAZON website later and (b) of failing to diligently investigate and ascertain that there is no evidence that Plaintiff ever sold stolen or illegal goods through the AMAZON website, including

COMPLAINT

by paying to Plaintiff, the full remaining Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods to Plaintiff identified in their AMAZON Agreement (including the unpaid portion owed to Plaintiff from the proceeds of AMAZON's sales of his goods) with Plaintiff.

ii)     To provide to Plaintiff, the full sum of Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods.

iii)    To provide any plaintiffs of any lawsuits or arbitration claims made against Defendants full reimbursement of all payments obtained by these business practices by any of Defendants as to which Defendants have not completed delivery of those plaintiffs' respective portions of the proceeds from AMAZON's sales of their merchandise;

iv)     To provide to all other AMAZON sellers or prospective other AMAZON sellers who are about to enter into any agreements with Defendants a written, 14-point, bold-face type warning and disclosure of the policy by AMAZON if any investigation were started against them by any law enforcement authority or at least, by The CALIFORNIA HIGHWAY PATROL (or if any such agency made any claims against such sellers), AMAZON will use of that investigation or claims to deny them payment of their share of the

Page 53

COMPLAINT

proceeds from the sales of their goods through the AMAZON website later and (b) of failing to diligently investigate and ascertain that there is no evidence in support of such claims or investigation.

v)    To provide to all other AMAZON sellers or prospective other AMAZON sellers who enter into any agreements with Defendants a written, 14-point, bold-face type warning and disclosure of the total number of other AMAZON sellers as of the prior year whose share of the proceeds from the sales of their goods through the AMAZON website have been wholly or partially denied by AMAZON because of any law enforcement investigations or claims.

vi)    To provide to all prospective other AMAZON sellers of AMAZON who are about to enter into any agreements with Defendants a separate 14-point, bold-faced, written warning and disclosure of the above business practices and procedure of AMAZON that without any investigation or hearing or legal determination, AMAZON will force such sellers to forfeit and will deny payment of such sellers' share of the proceeds from the sales of their goods through the AMAZON website.

COMPLAINT

vii)     To provide restitution to all AMAZON sellers of their goods through the AMAZON website (including Plaintiff) of their unpaid share of the proceeds from AMAZON's sales of Plaintiff's goods unless Defendants have already delivered such portions of the proceeds from AMAZON's sales of their merchandise to them under the terms agreed upon as required by the respective, AMAZON agreements.

viii)     For the remaining, unpaid Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods in a sum according to proof as damages;

ix)     To pay all AMAZON sellers whose portion from the sales of their goods were withheld by AMAZON due to an alleged investigation or claims made without factual support, their reasonable attorneys' fees incurred to recover their share from the proceeds of the sales of their goods by AMAZON pursuant to California Civil Code § 1717, California Code of Civil Procedure §1021.5, Business and Professions Code Section 17082, or other applicable statutes.

**13.** For interest upon Plaintiff's unpaid share of the proceeds from AMAZON's sales of Plaintiff's goods, legal fees, and costs at the legal rate of ten percent (10%) per annum from October 28, 2020;

COMPLAINT

14. For reasonable attorneys' fees incurred to recover Plaintiff's share from the proceeds of the sales of his goods by AMAZON pursuant to California Civil Code § 1717, California Code of Civil Procedure §1021.5, Business and Professions Code Section 17082, or other applicable statutes.

**AS TO ALL CAUSES OF ACTION:**

15. For costs of suit incurred herein;

16. For reasonable attorneys' fees pursuant to California Civil Code § 1717, or other applicable statutes.

**17.** For punitive damages in the sum of $50,000,000;

18. For interest at the legal rate on the Plaintiff's share of the proceeds from AMAZON's sales of Plaintiff's goods that remain unpaid and, on the costs, and legal fees incurred by Plaintiff to recover such sums at the legal rate of ten percent (10%) per annum from October 28, 2020;

19. For such other and further relief as the Court may deem just and proper;

Dated:     February 28 , 2023

Law Offices Of Lawrence Hoodack

By

Lawrence Hoodack
Attorneys for Plaintiff,
COSTLESS WHOLESALE, INC.
A CALIFORNIA CORPORATION

COMPLAINT